**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LERAMONT LLC,
a/s/o PELICAN VENTURES CORP.,                          Civil Action

                        Plaintiff,        Case No. 1:20-CV-02435-MKV

        -against-                               **SECOND AMENDED**
                                  **COMPLAINT**
GARY TATINTSIAN GALLERY, INC. and
GARRI TATINTSIAN,

                     Defendants.
-----------------------------------------------------------------X

       LERAMONT LLC a/s/o PELICAN VENTURES CORP., by and through its attorneys,

LYDECKER DIAZ, set forth the following as and for its Complaint against Defendants GARY

TATINTSIAN GALLERY, INC. and GARRI TATINTSIAN:

## INTRODUCTION

       1.     Plaintiff, Leramont LLC a/s/o Pelican Ventures Corp. (hereinafter "Plaintiff", or

"Pelican Ventures"), by its counsel Lydecker Diaz, asserts causes of action including account

stated, breach of personal guaranty, conversion, civil theft, fraud in the factum, fraud in the

inducement, negligent misrepresentation, and unjust enrichment against Defendants Gary

Tatintsian Gallery, Inc. and Garri Tatintsian a/k/a Gary Tatintsian (hereinafter collectively

"Defendants") arising from Defendants' wrongful conduct. Defendants have fraudulently

misrepresented that monies will be paid arising from a failed art transaction in which Defendants

received $9,950,000 in the Southern District of New York from Plaintiff's assignor, Pelican

Ventures Corp., and has intentionally converted these funds.  As of the filing of this action,

Defendants have only repaid $2,700,000.  Thus, Plaintiff seeks compensatory damages in an

amount not less than the unpaid balance of $7,250,000 owed or guaranteed by Defendants, and punitive damages along with prejudgment interest.

## THE PARTIES

2.      Plaintiff is a Florida limited liability company and the assignee of the Defendants' debts to and personal guaranty in favor of Pelican Ventures Corp., a Belize corporation.

3.      The sole member of Plaintiff, Vadim Nestscheret, is a Florida resident.

4.      Defendant Gary Tatintsian Gallery, Inc. (the "Gallery") is a New York corporation, with its principal office located at 119 West 22nd Street #5, New York, New York, 10011.

5.      Defendant Garri Tatintsian a/k/a Gary Tatintsian ("Tatintsian") is CEO of the Gallery and a New York resident and resides at the same address as the Gallery.

## JURISDICTION AND VENUE

6.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) or (2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States or between citizens of a State and citizens or subjects of a foreign state.

7.      Plaintiff's sole member is a citizen of the State of Florida, and Defendants are both citizens of the State of New York.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this action—including the transfer of funds to the Gallery, Tatintsian's personal guarantee, and the non-payment of funds to Pelican Ventures—occurred in this District, and Defendants reside in this District.

## FACTUAL BACKGROUND

9.      From on or about May 27, 2016 to September 1, 2016, Pelican Ventures transferred a total of $9,950,000 to the Gallery for the acquisition of fine art paintings.

10.    The Gallery was supposed to fulfill its obligations to Pelican Ventures by December 31, 2016.

11.    On or about August 16, 2016, Defendants contacted Pelican Ventures and specifically identified artwork that had been purportedly purchased on Pelican Ventures' behalf with its funds.

12.    As of December 31, 2016, Defendants failed to transfer the artwork specifically identified on August 16, 2016, or any other artwork, to the Plaintiff.

13.    The Gallery failed to perform its obligations to Pelican Ventures by the December 31, 2016, agreed upon date, and Pelican Ventures requested the return of its money.

14.    Throughout 2017, Defendants failed to deliver to Pelican Ventures either its funds or the artwork purportedly purchased with its funds.

15.    On or about December 8, 2017, Pelican Ventures and the Gallery signed an agreement confirming that the Gallery was obligated to repay Pelican Ventures $9,950,000 ("Agreement").  See Agreement, attached as Exhibit "A."

16.    In consideration for the Gallery's lengthy delay in repayment, the CEO of the Gallery, Defendant Tatintsian, provided Pelican Ventures with a personal guarantee ("Guarantee") on or about December 8, 2017, guaranteeing repayment of the $9,950,000 advanced by Pelican Ventures.  A copy of the Guarantee (titled, "Suretyship Agreement") is attached as Exhibit "B."

17.    On or about December 17, 2018, the Gallery made a wire transfer payment of $1,000,000 to Pelican Ventures.

18.    On or about April 30, 2019, the Gallery made a wire transfer payment of $490,000 to Pelican Ventures.

19.    On or about June 12, 2019, the Gallery made two wire transfer payments of $300,000 and $110,000 to Pelican Ventures.

20.    On or about September 17, 2019, the Gallery made a wire transfer payment of $300,000 to Pelican Ventures.

21.    On or about December 31, 2019, the Gallery made a wire transfer payment of $100,000 to Pelican Ventures.

22.    On or about March 2, 2020, the Gallery made a wire transfer payment of $400,000 to Pelican Ventures.

23.    Defendants have made no further payments, leaving a balance of $7,250,000.

24.    On or about January 15, 2020, Pelican Ventures served Tatintsian with a demand letter for repayment; at that time Tatintsian owed $7,750,000.

25.    Pursuant to paragraph 2.3 of the Guarantee, Tatintsian had 10 days following Pelican Ventures' demand letter to pay off the Gallery's remaining debt to Pelican Ventures of $7,750,000.

26.    However, as stated, Tatintsian made only one payment on March 2, 2020 in the amount of $400,000 but failed to make the entire payment of the $7,750,00.

27.    All conditions precedent have been waived or satisfied.

## COUNT I:  ACCOUNT STATED
### (Defendant Gallery)

28.    Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 27 as if fully set forth herein.

29.    Pelican Ventures presented an account in the form of the Agreement to Defendant Gallery.

30.     The Gallery accepted the account set forth in the Agreement as correct and signed the Agreement.

31.     Pursuant to the Agreement, the Gallery promised to return $9,950,000 to Pelican Ventures.

32.     The Gallery only returned $2,700,000.

WHEREFORE, Plaintiff demands judgment against the Gallery for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT II:  BREACH OF PERSONAL GUARANTY
### (Defendant Tatintsian)

33.     Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 32 as if fully set forth herein.

34.     The Galleries' CEO, Defendant Tatintsian, personally guaranteed repayment of the $9,950,000 to Plaintiff as set forth in the Guarantee.

35.     The Gallery only returned $2,700,000.

36.     Pelican Ventures demanded repayment of the remaining balance of $7,750,000 from Defendant Tatintsian pursuant to the Guarantee.

37.     Defendant Tatintsian has failed to make any payment pursuant to the Guarantee or otherwise, besides the $400,000 payment dated March 2, 2020 (stated more fully below).

38.     Plaintiff has been damaged in the current balance amount of $7,250,000.

WHEREFORE, Plaintiff demands judgment against the Gallery for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

5

## COUNT III: CONVERSION

39.    Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 38 as if fully set forth herein.

40.    Plaintiff has a possessory right and interest in the wire transferred monies to the Defendants.

41.    Defendants interfered with the dominion of Pelican Ventures' property by not returning the monies.

42.    Defendants acted without authorization by Pelican Ventures when Defendants exercised right of ownership and dominion over the property that belonged to Pelican Ventures when Defendants refused to send the artwork and refused to return the monies.

43.    Pelican Ventures has made multiple demands for the monies to be returned, including but not limited to:

    a.    Upon information and belief, multiple text message communications in 2016, 2017, 2018, and January and March through June of 2019 between Pelican's agent, Andrei Isaev, and Tatintsian;

    b.    Upon information and belief, email correspondence between Tatintsian and Defendants in 2016, 2017, 2018, and 2019; and

    c.    A demand letter served on Tatintsian on January 15, 2020.

44.    The demands for full return of Pelican Ventures' property were refused repeatedly by Defendants.

45.    Defendants have continuously throughout this multi-year period exhibited a pattern of repaying only small portions of the total monies due, in order to extend the time period that they retain unauthorized access and control of these funds.

WHEREFORE, Plaintiff demands judgment against the Defendants for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT IV: CIVIL THEFT

46.     Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 45 as if fully set forth herein.

47.     The wire transferred monies belonged to Plaintiff.

48.     Defendants intentionally deprived Plaintiff of the aforementioned property by repeatedly refusing to issue the artwork or the return of the monies over a 3-year period of demands by Plaintiff as follows:

  a.  Upon information and belief, multiple text message communications in 2016, 2017, 2018, and January and March through June of 2019 between Pelican's agent, Andrei Isaev, and Tatintsian;

  b.  Upon information and belief, email correspondence between Tatintsian and Defendants in 2016, 2017, 2018, and 2019; and

  c.  A demand letter served on Tatintsian on January 15, 2020.

49.     Defendants have continuously throughout this multi-year period exhibited a pattern of repaying only small portions of the total monies due, in order to extend the time period that they retain unauthorized access and control of these funds.

50.     Defendants' conduct was unauthorized.

WHEREFORE, Plaintiff demands judgment against the Defendants for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT V: FRAUD IN THE INDUCEMENT

51.    Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 50 as if fully set forth herein.

52.    Defendants represented that they could provide the aforementioned artwork or in the alternative guarantee that the monies owned by Pelican Ventures would be paid back in full.

53.    Defendants failed to acquire the aforementioned artwork and failed to return Pelican Ventures' monies.

54.    Defendants deceived Pelican Ventures into transferring its property to Defendants wherein Defendants used it for alternative purposes other than those agreed upon.

55.    Defendants' actions caused injury to Plaintiff that is ongoing.

WHEREFORE, Plaintiff demands judgment against the Defendants for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## COUNT VI: UNJUST ENRICHMENT

56.    Plaintiff repeats and realleges each and every prior allegation made in paragraphs 1 through 55 as if fully set forth herein.

57.    Defendants benefitted from the property (monies) of Pelican Ventures by receiving these funds and using them for a 3-year timespan.

58.    This use was at the Pelican Ventures' expense and caused significant economic damage to it.

59.    Equity and good conscience require restitution by Defendants to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for $7,250,000, pre-judgement and post-judgment interest, costs, and all other relief the Court deems just and appropriate under the circumstances.

## **DEMAND FOR JURY**

A trial by jury is hereby demanded on all issues so triable.

Dated: October 29, 2020
       Melville, New York

**LYDECKER DIAZ**

*/s/ Michael I. Goldman*
Michael I. Goldman, Esq.
200 Broadhollow Road, Suite 207
Melville, NY 11747
Telephone No.: (631) 260-1110
File No: 50335
*Attorneys for Plaintiff,*
*Leramont LLC a/s/o Pelican Ventures*

Of Counsel:

Robert W. Pittman, P.A.
1221 Brickell Avenue, Suite 1900
Miami, Florida 33131
rpittman@gmail.com
(786) 777-0205
(786) 777-0206 (fax)

## AGREEMENT

«8» Деsembre 2017

_____

**PELICAN VENTURES CORP.**, Withfield Tower, Third Floor, 4792 Coney Drive, P.O. Box 1777, Belize City, Belize, represented by _____, acting on the basis of _____, hereinafter referred to as Party 1, and

**Gary Tatintsian Gallery, Inc.**, 119 West 22 st. 5th floor, New-York, NY, 10011, represented by _____, acting on the basis of _____, hereinafter referred to as Party 2, hereinafter jointly referred to as the Parties, have entered into this Agreement on the following:

1. Under this Agreement, Party 2 acknowledges and agrees that it received from Party 1 the monetary assets under the following invoices (hereinafter referred to as the Invoices):

1) Invoice 26/05 as of 26 May 2016 for the amount of 2,000,000 (two million) US dollars, the date of payment by the Company is 27 May 2016.

2) Invoice 24/07 as of 24 July 2016 for the amount of 5,950,000 (five million nine hundred and fifty thousand) US dollars, the date of payment by the Company is 29 July 2016.

3) Invoice 29/08 as of 29 August 2016 for the amount of 2,000,000 (two million) US dollars, the date of payment by the Company is 01 September 2016.

2. Party 2 acknowledges and agrees that Party 1 duly effected the payment under the aforementioned Invoices.

3. Party 2 acknowledges and agrees that it had no claims towards Party 1 with regard to the payment of the Invoices, inter alia, with regard to payment terms and amount.

4. Party 2 acknowledges and agrees that as of the date of signing of this Agreement, it has a delay in performing the obligations towards Party 1 under the aforementioned Invoices for the amount of 9,950,000 (nine million nine hundred and fifty thousand) US dollars. The term of performance of the obligations by Party 2 under the Invoices expired on 31 December 2016.

5. This Agreement confirms the legal relationship between the Parties as of the date of signing thereof and is executed in 2 (two) copies, one for each Party.

6. **Bank details and signatures of the Parties**

| PELICAN VENTURES CORP. | Gary Tatintsian Gallery, Inc., |
|---|---|
| Withfield Tower, Third Floor, 4792 Coney Drive, P.O. Box 1777, Belize City, Belize Bank "BSI AG Zurich " Bank code: CH44 08465 13750542 2001 Account No:13750542.2001 SWIFT: BSILCH2280A | 119 West 22 st. 5th floor, New-York, NY, 10011 Chase Bank ABA: 021000021 SWIFT: CHASUS33 Account No: 015501163765 Bank address: 450 3th avenue New York, NY 10016 |

# EXHIBIT A

## SURETYSHIP AGREEMENT

"*6* *December* 2017

**PELICAN VENTURES CORP.**, Withfield Tower, Third Floor, 4792 Coney Drive, P.O. Box 1777, Belize City, Belize, represented by _____, acting on the basis of _____, hereinafter referred to as the **Company**, and

_____ (born on _____, passport: _____, address: _____), hereinafter referred to as the **Guarantor**, have entered into this Agreement on the following:

### 1. SCOPE OF THE AGREEMENT

1.1. Under this Agreement, the Guarantor shall, on an unconditional and irrevocable basis, be responsible to the Company for the performance by **Gary Tatintsian Gallery, Inc.**, 119 West 22 st. 5th floor, New-York, NY, 10011, hereinafter referred to as the **Debtor**, of all obligations of the Debtor towards the Company pursuant to the following invoices (hereinafter referred to as the Invoices):

1)      Invoice 26/05 as of 26 May 2016 for the amount of 2,000,000 (two million) US dollars, the date of payment by the Company is 27 May 2016.

2)      Invoice 24/07 as of 24 July 2016 for the amount of 5,950,000 (five million nine hundred and fifty thousand) US dollars, the date of payment by the Company is 29 July 2016.

3)      Invoice 29/08 as of 29 August 2016 for the amount of 2,000,000 (two million) US dollars, the date of payment by the Company is 01 September 2016.

1.2. Information about the Debtor's obligations as a security of the performance of which this suretyship:

- the amount of debt: 9,950,000 (nine million nine hundred and fifty thousand) US dollars.

1.3. The Guarantor shall, on an unconditional and irrevocable basis, be responsible to the Company for the performance of obligations by the Debtor, including the refund of the principal debt or a part thereof, reimbursement of claim costs related to the debt collection and other losses, costs, claims, obligations, damage, demands, and expenditures of the Company as of the settling day.

1.4. The Guarantor realizes the nature and scope of his/her responsibility and shall be liable for all Debtor's obligations which exist as of the date when the Company lodges its claims.

### 2. RESPONSIBILITIES OF THE PARTIES

2.1. The Guarantor shall be responsible to the Company for the performance of obligations by the Debtor, including the refund of the principal debt or a part thereof, reimbursement of claim costs related to the debt collection and other losses, costs, claims, obligations, damage, demands, and expenditures of the Company as of the settling day.

2.2. In case the Debtor fails to perform its obligations towards the Company, the Company shall be entitled to claim, at its' own option, that the obligations were performed by the Debtor and/or Guarantor.

2.3. The Guarantor shall perform the Debtor's obligations within 10 calendar days from the date of the receipt of a claim from the Company.

2.4. In case the Guarantor performs the Debtor's obligations towards the Company, he/she shall acquire the Company's rights to the extent of the claims practically satisfied.

### 3. SURETYSHIP TERMS

3.1. The suretyship shall be valid from the date of signing of this Agreement by the Parties until payment in full of all amounts repayable by the Debtor to the Company.

### 4. SETTLEMENT OF DISPUTES

4.1. All disputes and differences which may arise between the Parties with regard to issues that are not prescribed in the text of this Agreement shall be settled through negotiation.

4.2. Disputes that are not settled through negotiation shall be shall be settled by judicial process in accordance with the current legislation of the USA.

# EXHIBIT B

## 5. FINAL PROVISIONS

5.1. All amendments and supplements to the Agreement shall be valid if they are executed in written form and signed by both Parties.

5.2. The Company shall be entitled, at its own discretion, to assign or transfer any of its rights or obligations under this Agreement.

5.3. The Guarantor shall not be entitled to assign any of his/her rights or transfer of any obligations under this Agreement or make any transactions as a result of which some of these rights or obligations will transfer to another party.

5.4. This Agreement is executed in three copies, one for each Party and one for the Debtor.

5.5. In all other matters not stipulated by this Agreement, the Parties shall be governed by the current legislation of the USA.

## ADDRESSES, BANK DETAILS, AND SIGNATURES OF THE PARTIES

**The Guarantor:**

*GARRI TATINTSIAN*

born on *MAY 16, 1354*

passport
address: *119 West 228TR, 5FL. NEW YORK, NY 10011*

*GARRI TATINTSIAN, SOURENOVICH* / 

            Full name                          Signature

**The Company:**
**PELICAN VENTURES CORP.**

Withfield Tower, Third Floor, 4792 Coney Drive, P.O. Box 1777, Belize City, Belize
Bank  "BSI AG Zurich "
Bank code: CH44 08465 13750542 2001
Account No:13750542.2001
SWIFT: BSILCH2280A

Seal