UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
LERAMONT LLC a/s/o PELICAN
VENTURES CORP.,
         Plaintiff,

-against-

GARY TATINTSIAN GALLERY, INC.
and GARRI TATINTSIAN,
         Defendants.
-----------------------------------------------------x

Civil Action

Case No. 1:20-cv-02435- MKV

**ANSWER TO**
**SECOND AMENDED COMPLAINT**

      Defendants, GARY TATINTSIAN GALLERY, INC. and GARRI TATINTSIAN ("Defendants"), by and through their undersigned attorneys, Gelber & Santillo PLLC, submit for their Answer to the Second Amended Complaint filed by LERAMONT LLC a/s/o PELICAN VENTURES CORP. ("Plaintiff") on November 5, 2020 ("Second Amended Complaint"), as follows:

## INTRODUCTION

      1.    Defendants deny the allegations contained in paragraph 1 of the Second Amended Complaint, except admit that Plaintiff has filed the instant Second Amended Complaint asserting various causes of action and seeking damages for its claims.

## THE PARTIES

      2.    Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint.

      3.    Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Second Amended Complaint, which do not demand a response as they call for a legal conclusion. To the extent that an answer is necessary, Defendants admit that Gary Tatintsian is the owner of Tatintsian Galleries, and he lives at 119 W. 22nd Street, New York, NY.

## JURISDICTION AND VENUE

6. Defendants deny having sufficient information to respond to the allegations in paragraph 6 of the Second Amended Complaint, which in any case, do not call for a response as they state a legal conclusion.

7. Defendants admit that they are both citizens of the State of New York, but deny having sufficient information to respond to the remaining allegations in paragraph 7 of the Second Amended Complaint.

8. The allegations in paragraph 8 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

## FACTUAL BACKGROUND

9. Defendants deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Second Amended Complaint, except admit that Tatintsian, on behalf of Gary Tatintsian Gallery, Inc., signed a document on or about December 2017 concerning Pelican Ventures Corp.

16. Defendants deny the allegations contained in paragraph 16 of the Second Amended Complaint, except admit that Tatintsian signed a Suretyship Agreement on or about December 2017.

17. Defendants admit the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint, except admit that Pelican Ventures sent Tatintsian a letter at some point in time.

25. Defendants deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint, except admit that Tatintsian made a payment on or around March 2, 2020 in the amount of $400,000 to Pelican Ventures.

27. Defendants deny the allegations contained in paragraph 27 of the Second Amended Complaint.

**COUNT I: ACCOUNT STATED**
**(Defendant Gallery)**

28. With respect to paragraph 28 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

29. Defendants deny the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint.

## COUNT II: BREACH OF PERSONAL GALLERY
**(Defendant Tatintsian)**

33. With respect to paragraph 33 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

34. The allegations in paragraph 34 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

35. Defendants deny the allegations contained in paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Second Amended Complaint.

37. The allegations in paragraph 37 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

38. Defendants deny the allegations contained in paragraph 38 of the Second Amended Complaint.

## COUNT III: CONVERSION

39. With respect to paragraph 39 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

40. The allegations in paragraph 40 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

41. The allegations in paragraph 41 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

42. The allegations in paragraph 42 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

43. Defendants deny the allegations contained in paragraph 43 of the Second Amended Complaint, except admit that Pelican Ventures sent Tatintsian a letter.

44. Defendants deny the allegations contained in paragraph 44 of the Second Amended Complaint.

45. The allegations in paragraph 45 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

## COUNT IV: CIVIL THEFT

46. With respect to paragraph 46 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

47. Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Second Amended Complaint, except admit that Pelican Ventures sent Tatintsian a letter.

49. Defendants deny the allegations contained in paragraph 49 of the Second Amended Complaint.

50. The allegations in paragraph 50 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

## COUNT V: FRAUD IN THE INDUCEMENT

51. With respect to paragraph 51 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

52. Defendants deny the allegations contained in paragraph 52 of the Second Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Second Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Second Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Second Amended Complaint.

## COUNT VI: UNJUST ENRICHMENT

56. With respect to paragraph 56 of the Second Amended Complaint, Defendants incorporate and restate their responses to the foregoing paragraphs as if set forth fully herein.

57. The allegations in paragraph 57 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

58. The allegations in paragraph 58 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

59. The allegations in paragraph 59 of the Second Amended Complaint call for a legal conclusion, which do not require a response. To the extent the allegations call for a response, the allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state an essential element of one or more of its causes of action and so failed to state a claim upon which relief can be granted.

2. Plaintiff failed to allege any of the elements of fraud with the particularity, as legally required.

3. Plaintiff has waited an unreasonably long time to file this lawsuit, and so this action is barred by the doctrine of laches.

4. Defendants performed all duties owed under the contracts other than duties which were prevented or excused, and therefore never breached the agreements.

5. The account, debt, or contract has already been satisfied.

6. Plaintiff has committed a wrongdoing and is attempting to benefit from that wrongdoing so Plaintiff is barred from recovery under the doctrine of unclean hands.

7. Plaintiff is not entitled to the damages claimed for breach of contract because Plaintiff agreed to an accord and satisfaction of amounts due under those contracts and/or a novation.

8. Plaintiff ratified the acts of Defendants and cannot now complain of such actions.

9. Plaintiff voluntarily and knowingly relinquished a known and appreciated right it had under the contracts.

10. Plaintiff cannot recover for breach of contract because Plaintiff committed material breaches of those contracts.

11. Plaintiff failed to mitigate its damages.

12. Defendants' obligations under the contracts were excused by force majeure, i.e. events that could not have been anticipated at the time of contracting and were beyond Defendants' control.

13. Defendants' performance under the contracts was excused because of a failure of conditions precedent.

14. Plaintiff cannot enforce the contracts because the contract terms are substantially and procedurally unconscionable.

15. Plaintiff is equitably estopped from taking the positions it has taken in this lawsuit.

16. Plaintiff is seeking to recover damages that are completely speculative in nature.

17. The contracts alleged to have been breached were unenforceable due to a lack of consideration.

18. Plaintiff has failed to join all necessary parties.

19. Defendants preserve their right to add additional affirmative defenses at a later time.

## DEMAND FOR JURY

A trial by jury is hereby demanded on all issues so triable.

Dated: November 6, 2020
New York, NY

**GELBER & SANTILLO PLLC**

/s/ R. Zachary Gelber
R. Zachary Gelber, Esq.
Fern Mechlowitz
347 West 36th Street, Suite 805
New York, NY 10018
Tel: 212-227-4743
Email: zgelber@gelbersantillo.com
*Attorneys for Defendants Gary Tatintsian Gallery, Inc. and Garri Tatintsian*